25CA0720 Marriage of Fawcett 08-06-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0720
Douglas County District Court No. 22DR68
Honorable Andrew Baum, Judge

In re the Marriage of

Lisa Marie Arbuckle,

Appellee,

and

Mary Emma Fawcett,

Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE GROVE
Gomez and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

Lisa Marie Arbuckle, Pro Se

Mary Emma Fawcett, Pro Se

¶ 1     Mary Emma Fawcett appeals the district court's order that effectively adopted a magistrate's ruling restricting her parenting time with the child she shares with Lisa Marie Arbuckle. We affirm the order.

I.     Relevant Facts and Procedural History

¶ 2     In 2023, the district court dissolved the marriage between Fawcett and Arbuckle and allocated to the parties equal parenting time and joint decision-making responsibility.

¶ 3     Later, each party moved to modify parental responsibilities, and the magistrate appointed a child and family investigator (CFI).

¶ 4     During the CFI's investigation, Fawcett filed a motion to restrict Arbuckle's parenting time. After a hearing held on February 26, 2025, the magistrate denied the motion and ordered Fawcett to return the child to Arbuckle that evening.

¶ 5     Fawcett did not return the child or disclose the child's location. The magistrate ordered the parties to appear at a March 3, 2025, status conference.

¶ 6     Meanwhile, the CFI issued her report. The CFI reported "significant concerns about [Fawcett's] ability to be an emotionally safe parent" and opined that the child was "emotionally endangered

1

by unsupervised parenting time with" Fawcett. The CFI highlighted Fawcett's (1) "intense negativity" toward Arbuckle; (2) desire to "fully cut" Arbuckle out of the child's life; and (3) deteriorating mental health. The CFI recommended that Fawcett have only supervised visits with a professional supervisor and that Arbuckle receive sole decision-making responsibility.

¶ 7 Based on the CFI's report, Arbuckle filed a motion to restrict Fawcett's parenting time under section 14-10-129(4), C.R.S. 2025. In accordance with the statute, the magistrate scheduled a hearing for March 10, 2025, and ordered that, until the hearing, Fawcett could exercise only supervised parenting time. The magistrate also ordered Fawcett to immediately comply with the previous order and return the child to Arbuckle, and the magistrate reiterated that the parties must appear at the March 3, 2025, status conference.

¶ 8 Fawcett did not attend the status conference, and the magistrate found that she had failed to return the child to Arbuckle. The magistrate then issued abduction prevention measures and a writ in aid of enforcement, authorizing law enforcement to take physical custody of the child and return him to Arbuckle.

¶ 9 A few days later, Fawcett filed a motion to delay the March 10, 2025, hearing. She argued that the CFI's investigation was incomplete, asserting that it contained significant gaps, misrepresentations, and omissions that would need to be addressed before the magistrate could make a final determination. The magistrate deferred ruling on the request until the parties appeared at the hearing.

¶ 10 At the March 10, 2025, hearing, Arbuckle and the CFI appeared, but Fawcett did not. The magistrate proceeded with the hearing and received sworn testimony. The magistrate found that parenting time with Fawcett endangered the child's physical health or significantly impaired the child's emotional development. The magistrate ordered that Fawcett may exercise only professional supervised parenting time and granted Arbuckle sole decision-making responsibility.

¶ 11 Fawcett filed a petition for district court review. In an April 14, 2025, order, the district court directed Fawcett to file an amended petition because the court could not determine which order Fawcett was challenging. Fawcett identified the magistrate's

March 10, 2025, order.  On April 28, 2025, the district court denied the petition.

## II. Initial Matters

### A. The Parties' Briefs

¶ 12    Fawcett's opening brief does not comply with the requirements of the appellate rules.  *See* C.A.R. 28(a)(7), (e); C.A.R. 32(a)(1).  Arbuckle's answer brief is also deficient.  *See* C.A.R. 32(a)(3).

¶ 13    We recognize that the parties are representing themselves, but that does not excuse them from the procedural rules.  *See Adams v. Sagee*, 2017 COA 133, ¶ 10.  These rules are "not mere technicalities"; they are "designed to facilitate appellate review." *Cikraji v. Snowberger*, 2015 COA 66, ¶ 10.

¶ 14    We will address the arguments as best we can understand them.  But we are limited by the information in the briefs and will not develop any arguments or search the record for supporting facts.  *See id.*; *see also Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (noting that it is not our burden to locate and synthesize the relevant facts, arguments, and legal authority).

## B.    Scope of Our Review

¶ 15    Before briefing, the motions division of this court clarified that the only orders subject to review in this appeal were the district court's April 2025 orders that effectively adopted the ruling restricting Fawcett's parenting time and the corresponding March 10, 2025, magistrate order. *In re Marriage of Fawcett,* (Colo. App. No. 25CA0720, July 28, 2025) (unpublished order). We agree that the appeal is confined to these orders, which were the final, appealable orders that Fawcett timely appealed. *See* C.A.R. 1(a)(1); C.A.R. 4(a)(1).

¶ 16    However, Fawcett does not limit her arguments to these orders. Consistent with the motions division's order, we decline to consider the following arguments.

¶ 17    First, Fawcett suggests that the magistrate was biased against her. Fawcett filed a motion to disqualify the magistrate after the magistrate restricted her parenting time. The magistrate denied this motion on April 21, 2025. Fawcett then initiated this appeal. However, the order on recusal did not become final and appealable until Fawcett later filed her petition for district court review, and the district court denied her petition. *See* C.R.M. 7(a)(11) (2025).

(Since the filing of this appeal, the Colorado Magistrate Rules have been amended. The 2025 version was in effect at the time of the relevant orders, and we therefore refer to that version of the rules.) If Fawcett wanted to include the order on recusal in this appeal, she needed to timely amend her notice of appeal. *See* C.A.R. 3(a); C.A.R. 4(a)(1). Because she did not do so, we may not consider her arguments related to this order. *See In re Estate of Anderson*, 727 P.2d 867, 870 (Colo. App. 1986) (recognizing that generally the notice of appeal does not extend to an order entered after the notice of appeal was filed).

¶ 18    Second, Fawcett contends that the magistrate erred by denying her March 25, 2025, motion to "reschedule" the March 10, 2025, hearing or grant her a new hearing. Like the recusal ruling, this order was not final and appealable until the district court denied Fawcett's petition for review, which occurred after she initiated this appeal. Fawcett did not amend the notice of appeal to include this order either. *See id.*

¶ 19    Third, Fawcett suggests that the magistrate's February 26, 2025, order denying her motion to restrict Arbuckle's parenting time was improper and failed to protect the child. Fawcett did not

timely file a petition for district court review of that order. *See* C.R.M. 7(a)(5). Therefore, any appeal of the February 26, 2025, ruling "is barred." C.R.M. 7(a)(12).

¶ 20     Because they are not properly before us, we decline to consider the portions of Fawcett's appellate briefing concerning these three matters.

## C.     Final and Appealable Order

¶ 21     We next address our jurisdiction to review the district court's April 2025 orders and the corresponding March 10, 2025, magistrate ruling. When the district court denied Fawcett's petition to review the magistrate's March 10, 2025, order, the court said that the hearing had not resulted in a final order and that it accordingly could not grant Fawcett relief. In this appeal, Arbuckle likewise argues that the magistrate's ruling was a temporary order on parenting time, and that, as a result, we lack jurisdiction to consider Fawcett's appeal. We disagree and conclude that the district court incorrectly treated the magistrate's ruling as a non-final order.

¶ 22     When, as here, a party seeks to appeal a magistrate's post-decree order, the party must file a timely petition for review with the

7

district court. C.R.M. 7(a)(5), (11). The district court may review only "a final order or judgment of a magistrate." C.R.M. 7(a)(3). A magistrate's order is final when it "fully resolves an issue or claim." *Id.*; *see People v. Maes*, 2024 CO 15, ¶ 21 ("[A]n issue or claim is fully resolved when a magistrate no longer has the authority to revisit its determination.").

¶ 23 Arbuckle moved to restrict Fawcett's parenting time under section 14-10-129(4). Under that statute, the magistrate must hear and "rule[]" on the motion within fourteen days. *Id.* The magistrate did so here by holding a hearing and determining that Fawcett's parenting time must be supervised. The magistrate's order fully resolved the parenting time issue and gave no indication in the ruling that the restriction was temporary. *See In re Marriage of Carey*, 2026 COA 3, ¶ 22 (acknowledging that a magistrate's written, dated, and signed order after a hearing is final); *see also In Interest of C.T.G.*, 179 P.3d 213, 221 (Colo. App. 2007) (Whether a parental responsibilities ruling "is temporary or final is determined from the substance and effect of the order.").

¶ 24 Then, the district court denied Fawcett's petition for review and effectively adopted the magistrate's order modifying the

8

allocation of parental responsibilities. *See* C.R.M. 7(a)(10) (giving the court only three dispositional options when resolving a petition for review of a magistrate's order: it can adopt, reject, or modify the order); *see also In re Marriage of Schmidt*, 42 P.3d 81, 82 (Colo. App. 2002) (stating that the effect of denying a petition for district court review is to adopt the magistrate's order). In doing so, the court entered a final order subject to our appellate review. *See* C.R.M. 7(a)(11); *In re Marriage of Malewicz*, 60 P.3d 772, 774 (Colo. App. 2002) (acknowledging that a district court's adoption, rejection, or modification of a magistrate's order creates a final order for appellate review); *see also In re Marriage of Thorburn*, 2022 COA 80, ¶ 24 (determining that an order restricting parenting time was final).

¶ 25    Although the district court erroneously concluded that the magistrate's ruling was not final, that error does not require reversal. When we review an appeal of a district court's order that reviewed a magistrate's ruling, we act as a second layer of appellate review. *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 11. Thus, our ultimate task is to review the propriety of the magistrate's ruling restricting Fawcett's parenting time. Any

9

error in the court's rationale when it denied Fawcett's petition for review is therefore harmless if we conclude that the magistrate did not err. *See* C.A.R. 35(c). And as we next explain, we discern no error.

## III. Standard of Review

¶ 26 When reviewing a district court's order adopting a magistrate's ruling, we must accept the magistrate's factual findings unless they are clearly erroneous, meaning they have no record support. *S.Z.S.*, ¶ 11. We review de novo the magistrate and the district court's application and conclusions of law. *Id.*

¶ 27 A court has broad discretion to modify the allocation of parental responsibilities. *Id.* at ¶ 13. We will not disturb the court's determination unless it is shown that the court acted in a manifestly arbitrary, unfair, or unreasonable manner, or that it misapplied the law. *In re Marriage of Fabos*, 2022 COA 66, ¶ 16. We exercise every presumption in favor of upholding a court's parental responsibilities decision. *S.Z.S.*, ¶ 13.

## IV. Due Process

¶ 28 Fawcett contends that the magistrate violated her due process rights by "[e]xcluding" her from the March 10, 2025, hearing and

denying her the opportunity to challenge the evidence presented. We disagree.

¶ 29    The essence of due process is fundamental fairness. *A.M. v. A.C.*, 2013 CO 16, ¶ 28. It requires that a party be provided with notice and a meaningful opportunity to be heard. *Am. Heritage Rys., Inc. v. Colo. Pub. Utils. Comm'n*, 2025 CO 27, ¶ 48. But "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *accord A.M.*, ¶ 28.

¶ 30    To begin, the district court's ability to review Fawcett's due process claim was limited because she did not give the court a transcript of the March 10, 2025, hearing. A party seeking review of a magistrate's order bears the burden of providing the district court with a record to facilitate that review. *In re Marriage of Rivera*, 91 P.3d 464, 466 (Colo. App. 2004). Absent a transcript, the "court may presume the regularity of the magistrate's proceedings." *Id.*; *see also* C.R.M. 7(a)(9) (When the petitioner fails to provide a transcript, "the reviewing judge shall presume that the record would support the magistrate's order.").

¶ 31    Even though a transcript of the March 10, 2025, hearing was later added to the record, our review is limited to the record before the district court when it decided Fawcett's petition for review. *See Rivera*, 91 P.3d at 466. We therefore may not consider the transcript and can presume that the magistrate properly proceeded with the hearing despite Fawcett's absence. *Id.*; *see* C.R.M. 7(a)(9).

¶ 32    In any event, we consider the merits of Fawcett's claim and determine that, under the circumstances, Fawcett's due process rights were not violated. Fawcett does not dispute that she received notice of the March 10, 2025, hearing. Rather, she argues that the magistrate denied her the opportunity to be heard because she "was apprehended as a direct and foreseeable result of actions taken by . . . judicial officers in connection with this case" and was "knowingly prevent[ed]" from attending the hearing. Fawcett does little to explain the factual basis for her claim. *See S.Z.S.*, ¶ 29 (acknowledging the appellant's burden to factually develop the claimed error). The appellate record is also relatively sparse on the circumstances surrounding Fawcett's absence.

¶ 33    However, taking judicial notice of Fawcett's pending criminal case, we observe that Fawcett was charged with a felony violation of

a custody order related to her failure to return the child to Arbuckle after the February 26, 2025, hearing. *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64 (recognizing that appellate courts can take judicial notice of court records in related proceedings). Fawcett was arrested for that charge on March 10, 2025.

¶ 34 While Fawcett's arrest may have interfered with her attendance at the March 10, 2025, hearing, the arrest was a product of her own actions. Indeed, Fawcett continually refused to return the child to Arbuckle, withheld the location of the child, disobeyed the magistrate's orders, and failed to appear at a status conference a week earlier. In light of these actions, the magistrate issued a writ in aid of enforcement to ensure the child's return, and the district attorney filed a criminal complaint. The child was returned to Arbuckle only after Fawcett's arrest. Thus, Fawcett had the opportunity to appear and be heard at the March 10, 2025, hearing, but her conduct caused law enforcement to become involved to ensure the child's safety and that conduct resulted in her arrest. Moreover, given the emergency nature of the section 14-10-129(4) motion to restrict, the magistrate had to hear and decide the motion within fourteen days. *See* § 14-10-129(4).

¶ 35    The magistrate therefore did not violate Fawcett's due process rights by conducting the March 10, 2025, hearing without her.  *Cf. In re Marriage of Yates*, 148 P.3d 304, 310 (Colo. App. 2006) (concluding that a party was not denied due process when the inability to complete the presentation of his case was attributable to his attorney's choices); *In re Taylor*, 134 P.3d 579, 584 (Colo. App. 2006) (determining that a party who chose not to appear at a hearing despite advance notice was not deprived of due process).

¶ 36    To the extent Fawcett also asserts that the "court failed to maintain judicial neutrality," she does not sufficiently explain how or why.  Fawcett references due process and her procedural rights, but beyond general statements of bias and her absence from the March 10, 2025, hearing (which we just addressed and rejected), she does not factually develop this contention.  We thus decline to address it further.  *See S.Z.S.*, ¶ 29 (declining to address undeveloped argument).

## V.    Evidentiary Support

¶ 37    Fawcett contends that the magistrate erroneously relied on "unvetted and disputed material, including [child protective services] and law enforcement reports and professional opinions"

14

that were "incomplete, misleading, or improperly considered."

Fawcett does not specifically identify which evidence or exhibits she

challenges. Nor does she explain how any of the evidence presented

to the magistrate at the hearing was improper. Instead, Fawcett

merely disagrees with the factual basis of the magistrate's decision

to restrict her parenting time and claims that the magistrate failed

to protect the child.

¶ 38    It was within the magistrate's sole discretion to determine the

credibility, weight, probative force, and sufficiency of the evidence,

as well as the inferences and conclusions to be drawn from that

evidence. *See Thorburn,* ¶ 49. Unable to review the hearing

transcript, we must presume that the magistrate acted within its

discretion to weigh the relevant evidence and that its findings and

conclusion were supported by the record. *See* C.R.M. 7(a)(9);

*Thorburn,* ¶ 49; *Rivera,* 91 P.3d at 466. We thus will not disturb

the magistrate's ruling. *See S.Z.S.,* ¶ 11.

¶ 39    Fawcett also asserts that "the court improperly resolved

disputed factual issues without an evidentiary hearing." But the

magistrate conducted the hearing on March 10, 2025, and entered

a ruling based on the evidence admitted. Absent any legal or

15

factual explanation by Fawcett, we decline to further address this assertion.  *See id.* at ¶ 29.

## VI.   Attorney Fees

¶ 40     Last, in her reply brief, Fawcett asks that any request for attorney fees be denied.  Arbuckle did not request attorney fees on appeal and was not represented by an attorney.  We therefore are unable to discern the basis of Fawcett's discussion on attorney fees.

## VII.   Disposition

¶ 41     The magistrate did not err by restricting Fawcett's parenting time, and we therefore affirm the district court's order that adopted that ruling, albeit on grounds different than that relied on by the district court.

JUDGE GOMEZ and JUDGE MOULTRIE concur.